UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ORTIZ-GAMEZ,<br>Petitioner,<br>v.<br>KRISTI NOEM et al.,<br>Respondents. | Case No. 2:26-cv-01355-JLT-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, AND DENY MOTION FOR PRELIMINARY INJUNCTION AS MOOT[1]<br>(Docs. 1, 11)<br>FIVE (5) DAY OBJECTION PERIOD |

Petitioner Eduardo Ortiz-Gamez, an immigration detainee in U.S. Immigration and Customs Enforcement ("ICE") custody at the Central Valley Annex Detention Facility in McFarland, California, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 6, 2026. (Doc. 1, "Petition"). He moved for a preliminary injunction on April 20, 2026, and the assigned district judge referred the motion to the undersigned. (Docs. 11, 12).

The Petition asserts the following grounds for relief: (1) Petitioner's re-detention violates his Fifth Amendment procedural due process rights; (2) his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted in *Zadvydas*;[2] (3) his continued detention violates his Fifth

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).
[2] *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001).

Amendment substantive due process rights; and (4) his continued detention violates the Fifth Amendment's Due Process Clause because there is no significant likelihood of removal in the reasonably foreseeable future. (Doc. 1 at 22-25). As relief, Petitioner seeks, *inter alia*, immediate release. (*Id*. at 30-31).

Respondents oppose, arguing Petitioner's detention is lawful under 8 U.S.C. § 1231(a)(6) as a noncitizen under 8 U.S.C. § 1227(a)(2) with a final order of removal, and Petitioner has not demonstrated there is no significant likelihood of removal to Mexico in the reasonably foreseeable future. (Doc. 13). Petitioner filed a reply. (Doc. 14).

For the reasons set forth below, the undersigned recommends that the district court grant the Petition as to Claim Four.[3]

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. (Doc. 1 at 4; Doc. 13-2). On June 1, 2020, Petitioner entered the United States without inspection, was encountered shortly thereafter by immigration officials and processed for expedited removal. (Doc. 13-1). On June 23, 2020, after an asylum officer found that Petitioner had established a credible fear of persecution or torture, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear. The notice vacated the expedited removal order under 8 C.F.R. § 208.30, charged Petitioner as removable under INA § 212(a)(7)(A)(i)(I) (alien without valid entry documents) and § 212(a)(6)(A)(i) (and entry without inspection), and directed him to appear before an Immigration Judge ("IJ"). (Doc. 13-2).

On October 29, 2020, an immigration judge ("IJ") denied Petitioner's applications for relief and ordered him removed to Cuba. (Doc. 13-3). On January 25, 2021, Petitioner was issued an order of release on recognizance. (Doc. 13-4). On July 8, 2021, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal as it was previously waived. (Doc. 13-5).

---

[3] Because the Court concludes that Respondents' noncompliance with § 241.13 violated Petitioner's due process rights as alleged in Claim Four, and recommends Petitioner's immediate release, the Court need not reach Petitioner's remaining statutory and constitutional claims.

On October 7, 2025, Petitioner was arrested pursuant to an immigration warrant and issued a warrant of removal/deportation; on October 30, 2025, he was issued a notice of removal informing Petitioner that ICE intended to remove him to Mexico. (Docs. 13-7-13-11). He did not claim a fear of being removed to Mexico, and he was transferred to the Florence Staging Facility for removal. (Doc. 13-6 at 3). Petitioner subsequently expressed a fear of being removed to Mexico, and he was transferred back to the Golden State Annex Facility for third-country fear screening. (*Id.*). On November 17, 2025, an asylum officer determined Petitioner was more likely than not to be persecuted in Mexico on account of a protected ground. (Doc. 13-12).

On December 18, 2025, the government filed a motion to reopen removal proceedings for the sole purpose of determining whether Petitioner is eligible for protection under the Convention Against Torture ("CAT") with regard to Mexico. (Doc. 13-12 at 2-3). On January 5, 2026, the IJ granted the motion and reopened Petitioner's removal proceedings for the purpose of hearing Petitioner's application for protection from removal to Mexico. (Doc. 13-13). On March 11, 2026, an IJ denied Petitioner's request for a change in custody status for lack of jurisdiction pursuant to *Matter of Yajure Hurtado*. [4] (Doc. 13-14).

The ICE detainee locator reflects that Petitioner remains detained at the Central Valley Annex Detention Facility. See https://locator.ice.gov/odls (location determined with Petitioner's A-File Number) (last visited August 17, 2026).

## II. APPLICABLE LAW AND ANALYSIS

The Court recommends advancing the merits determination and consolidating it with the resolution of the preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a)(2), which provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2); *see also Dzhabrailov v. Decker*, 2020 WL 2731966, at *4 (S.D.N.Y. May 26, 2020) (considering preliminary injunction and merits of petition simultaneously).

[4] Respondents acknowledge that the IJ's finding that it lacked jurisdiction pursuant to *Matter of Yajure Hurtado* was not applicable here because Petitioner is subject to a final order of removal. (Doc. 13 at 3 n. 3).

A. Jurisdiction

A district court may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). District courts retain jurisdiction over habeas challenges to immigration detention that are "sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

B. Statutory and Regulatory Framework

Detention, release, and removal of noncitizens subject to a final order of removal are governed by 8 U.S.C. § 1231. Under § 1231(a), when an alien is ordered removed, the Attorney General "shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period') …. [and] [i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." § 1231(a)(1), (3). Section 1231(a)(6) permits continued detention beyond the removal period of certain inadmissible or criminal aliens, or those determined to be a risk to the community or unlikely to comply with the removal order, and provides that if released, such individuals "shall be subject to the terms of supervision in paragraph (3)." § 1231(a)(6). Pursuant to these mandates, regulations at 8 C.F.R. § 241.13 and § 241.4 govern release on supervision, and revocation of such release.

Title 8 C.F.R. § 241.13 reflects the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Zadvydas* addressed prolonged detention under § 1231(a)(6) where removal could not be effectuated because designated countries refused to accept the noncitizens or there was no applicable repatriation treaty. *Prieto-Romero*, 534 F.3d at 1062 (citing *Zadvydas*, 533 U.S. at 684-86). The Court held that detention under § 1231(a)(6) is presumptively reasonable for six months, after which a noncitizen is entitled to release if "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S at 701. Consistent with *Zadvydas*, § 241.13(i) permits revocation of release if the alien violates the conditions of their release, or "if, on account of changed circumstances, the Service

determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." § 241.13(i) (1)-(2). Where, as here, a noncitizen is subject to a final order of removal, detained, released, and then re-detained, "it is [ICE's] burden to show a significant likelihood that the alien may be removed" under § 241.13. *Martinez v. Bondi*, 2025 WL 3650477, at *3 (E.D. Cal. Dec. 16, 2025) (collecting cases); *Huang v. Albarran*, 2026 WL 279888, at *4 (E.D. Cal. Feb. 3, 2026); *see also Vu v. Noem*, 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025) ("The phrase 'significant likelihood,' as used in the regulation, requires something more than a mere possibility.").

C. Analysis

In Claim Four, Petitioner contends that his continued detention violates due process because Respondents have not met their burden to show a significant likelihood of removal in the reasonably foreseeable future. (Doc. 1 at 23-24). Respondents counter that Petitioner has not met his burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future because his removal to Mexico was imminent before proceedings were reopened to determine Petitioner's eligibility for CAT protection with regard to Mexico. (Doc. 13 at 4-5).

It is undisputed that Petitioner is subject to a final order of removal to Cuba and that he was released on his own recognizance in accordance with INA § 236 prior to the order of removal becoming administratively final. (Doc. 13-4). Petitioner's "release on recognizance necessarily required a determination that he posed neither a flight risk nor a danger." *Chavarria v. Chestnut*, 2025 WL 3533606, at *8 (E.D. Cal. Dec. 9, 2025). Petitioner's proceedings were later reopened by an IJ for the sole purpose of determining whether Petitioner is eligible for protection under the CAT with regard to Mexico; thus, § 1231(a)(6) and the regulatory framework under § 241.13(i) govern the revocation of Petitioner's release and his continued detention. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (§ 1231(a) applies to individuals with pending withholding-only proceedings); *Padilla-Ramirez v. Bible*, 882 F.3d 826, 834 (9th Cir. 2017).

Under 241.13(i), ICE may revoke release only if the alien violates release conditions or changed circumstances create a significant likelihood of removal in the reasonably foreseeable

future. § 241.13(i)(2). Respondents identify neither a release-condition violation nor changed circumstances that created a significant likelihood of removal specifically as to Petitioner. Although ICE issued a warrant of removal/deportation on October 7, 2025 (Doc. 13-9), and a notice of removal on October 30, 2025 (Doc. 13-11), neither document identifies a release-condition violation nor changed circumstances supporting a present likelihood of removal. *See* § 241.13(i)(3).

Moreover, Respondent erroneously asserts that Petitioner bears the burden to provide a "good reason to believe" there is no significant likelihood of his removal in the reasonably foreseeable future. (Doc. 13 at 4 (citing *Zadvydas*, 533 U.S. at 701)). As discussed *supra*, it is well-settled that where, as here, a petitioner is subject to a final order of removal, detained, released, and then re-detained, ICE bears the burden to show that, due to changed circumstances, there is a significant likelihood the noncitizen may be removed pursuant to 8 C.F.R. § 241.13. *See Martinez*, 2025 WL 3650477, at *3 (collecting cases); *Ghiassi v. Murray*, 2026 WL 622184, at *4 (E.D. Cal. Mar. 5, 2026) (citing *Escalante v. Noem*, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025) ("[i]mposing the burden of proof on the alien each time he is re-detained would lead to an unjust result and serious due process implications."). Thus, the Court must determine if Respondents have met their burden to show a significant likelihood that Petitioner may be removed to Mexico in the reasonably foreseeable future.

Respondents contend that removal was likely because Petitioner's removal to Mexico appeared imminent in November 2025 before he expressed a fear of removal there. (Doc. 13 at 4-5). Although Petitioner's removal to Mexico appeared imminent in November 2025, his pending CAT-protection proceedings concerning Mexico establish that removal is not significantly likely <u>in the reasonably foreseeable future</u>.[5] *See Rodriguez v. Warden, Golden State Annex Detention Facility*, 2026 WL 770527, at *3 (E.D. Cal. May 18, 2026); *Asfestani v. Current or Acting Field Off.*, 2025 WL 3677321, at *5 (E.D. Cal. Dec. 18, 2025) (existence of pending asylum application

---

[5] *See* https://acis.eoir.justice.gov/en/caseInformation (case status determined with Petitioner's A-File Number) (last visited August 17, 2026) (motion to reopen IJ jurisdiction was granted on January 5, 2026, the IJ ordered removal on April 28, 2026, a case appeal was received on May 15, 2026, and the appeal is currently pending with no alien or DHS brief due dates existing at this time).

"contributes to the showing that there is a good reason to believe that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future); *Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1160 (S.D. Cal. Jan. 5, 2026) (*citing Zavvar v. Scott*, 2025 WL 2592543, at *8 (D. Md. Sept. 8, 2025) ("The fact that [petitioner] likely will have the opportunity to seek further relief from the Immigration Court, and then potentially file appeals from any adverse rulings, further demonstrates that removal is not likely in the reasonably foreseeable future.").

Respondents therefore have not shown changed circumstances establishing a significant likelihood that Petitioner will be removed to Mexico in the reasonably foreseeable future. *See* § 241.13(i). "While the government has significant discretion to enforce immigration laws, it must do so consistent with the requirements of its own regulations and the Due Process Clause." *Huang*, 2026 WL 279888, at *7. "ICE, like any agency, 'has a duty to follow its own federal regulations. As here, where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute … and [ICE] fails to adhere to it, the challenged [action] is invalid." *Nguyen v. Hyde*, 2025 WL 1725791, at *5 (D. Mass. June 20, 2025) (quoting *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017); *see also Yan-Ling X.*, 813 F. Supp. 3d 1157, 1166. Because Respondents failed to comply with § 241.13 in revoking Petitioner's release, his re-detention violated due process. *See, e.g., Vang v. Warden of Golden State Annex Detention Facility*, 2026 WL 694111, at *6 (E.D. Cal. Mar. 12, 2026); *Ghiassi*, 2026 WL 622184, at *5-6.

Accordingly, IT IS RECOMMENDED:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED as follows:
    a. Respondents shall IMMEDIATELY release Petitioner from DHS custody subject to the conditions as his most recent release.
    b. Respondents shall be ENJOINED from re-detaining Petitioner unless either: (1) material changed circumstances establish a significant likelihood that Petitioner may be removed in the reasonably foreseeable future, as determined by a neutral decisionmaker; or (2) Respondents establish cy clear and convincing evidence, at a pre-deprivation bond hearing before a neutral

decisionmaker, that Petitioner presents a flight risk or danger to the community warranting physical custody.

2. Petitioner's motion for preliminary injunction (Doc. 11) be DENIED as moot.

**NOTICE OF EXPEDITED OBJECTIONS**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Given the urgency of a preliminary injunction, a party may file written objections with the Court within five (5) days of service of these Findings and Recommendations.** *Id.*; Local Rule 304(b) (permitting court to set a different time). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 18, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE