**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARDO ORTIZ-GAMEZ,<br>Petitioner,<br>v.<br>KRISTI NOEM, et al.,<br>Respondents. | Case No.: 2:26-cv-01355-JLT-HBK (HC)<br>(A-File: 216-712-492)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT<br>(Docs. 1, 11, 15) |

Eduardo Ortiz-Gamez is an immigration detainee in U.S. Immigration and Customs Enforcement custody at the Golden State Annex Detention Facility in McFarland, California, proceeding pro on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 302.

On August 18, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus and deny the motion for preliminary injunction as moot. (Doc. 15.) The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within five days after service. (*Id.*) On August 21, 2026, Respondents timely filed objections. (Doc. 17.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this

case. Having carefully reviewed the matter, the Court concludes the findings and recommendations reach the correct conclusion. In their objections, Respondents restate their argument that there is a significant likelihood of removal in the reasonably foreseeable future because there are no allegations that removal "could not be effected at the end of the Petitioner's reopened case, if his fear claim is denied." (Doc. 17.) Among other things, Respondents argue that "[t]he United States and Mexico have a robust agreement regarding the removal of Cuban Nationals to Mexico, and there are no allegations that such removal could not be effected at the end of Petitioner's reopened case, if his fear claim is denied." (*Id*. at 2.) This is disingenuous at best. As this Court and other judges in this District have pointed out, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who <u>consent</u> to be removed there. *See Cruz v. Warden of the Golden State Annex Detention Facility*, Doc. 15 at *3. No. 1:26-cv-05760 JLT EPG (HC)(citing *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026)); *see also Garcia Lopez v. Warden, California City*, No. 1:26-CV-05318-DJC-AC, 2026 WL 2323196, at *3 (E.D. Cal. Aug. 11, 2026); *id*. at *2 n. 1 (collecting cases). The record is devoid of any evidence suggesting Mexico will accept Petitioner in the absence of his consent, and Petitioner's assertion of fear of being deported to Mexico amounts *ipso facto* to non-consent. Therefore, even assuming the traditional burden shifting framework from *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001), applies, the facts here satisfy Petitioner's burden to show there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents fail to rebut that showing.

Based upon the foregoing, the Court **ORDERS**:

1. The findings and recommendations issued on August 18, 2026 (Doc. 15) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**
3. Petitioner's motion for preliminary injunction (Doc. 11) is **DENIED AS MOOT.**
4. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from DHS custody on the same conditions as his prior release from custody.

5. Once released, Respondents are **ENJOINED** from rearresting or re-detaining Petitioners absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that they are likely to flee or pose a danger to society if not arrested.[1]

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

7. The Clerk of Court is directed to terminate all pending deadlines/motions and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: September 1, 2026

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.